IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAURICIO LOPEZ GOMEZ,

      Petitioner,

v.                                                                    No. 2:26-cv-01608-KG-JFR

MARKWAYNE MULLIN, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Mauricio Lopez Gomez's Petition for a Writ of Habeas

Corpus, Doc. 1, and the Government's Response, Doc. 7.  Because Petitioner presents a purely

legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and orders his

immediate release.

### I.    *Background*

Petitioner, a 39-year-old citizen and national of Guatemala, entered the United States

without inspection or parole in 2002.  Doc. 1 at 6.  Prior to his detention, he resided in

Bensenville, Illinois, where he worked to support his four United States citizen children.  *Id.*

On November 7, 2025, the Department of Homeland Security ("DHS") arrested

Petitioner near his home.  *Id.*  Originally, DHS detained him at the El Paso Camp East Montana

in El Paso, Texas.  *Id.* at 5.  DHS also served Petitioner with a Notice to Appear, initiating

removal proceedings under 8 U.S.C. § 1229a.  *Id.* at 7.  Petitioner has attended all his

immigration hearings and intends to apply for Cancellation of Removal.  *Id.*

While in Texas, Petitioner filed a Petition for a Writ of Habeas Corpus, challenging his

detention there.  *Id.* at 5.  A district court judge denied that petition, stating that it was bound by

the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 499 (5th Cir. 2026) (holding that noncitizens in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)).  *See* Doc. 1-4.

DHS subsequently transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained without a custody determination hearing. Doc. 1 at 6–7.

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") because it is not authorized by § 1225(b)(2) and he has not been afforded a bond hearing as required by 8 U.S.C. § 1226(a).  *Id.* at 20.  He also claims that his detention violates the Due Process Clause because he has been deprived of a protected liberty interest without any individualized assessment.  *Id.* at 20–21.  He further contends that the Texas decision denying habeas is not binding in this jurisdiction.  *Id.* at 5–6.  He seeks immediate release or, in the alternative, a bond hearing within 14 days.  *Id.* at 23.  Although the original Petition sought attorney's fees under the Equal Access to Justice Act ("EAJA"), *id.* at 25, Petitioner subsequently withdrew that request.  *See* Doc. 8 at 1.

The Government opposes the Petition on two grounds.  *See* Doc. 7.  First, it argues that Petitioner is properly detained under § 1225(b), and thus subject to mandatory detention.  *Id.* at 2–3.  Second, it opposes his attorney's fees request.  *Id*. at 3–7.

## II.      *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

2

### III. Analysis

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, (C) release is warranted, and (D) the Government has waived the affirmative defense of collateral estoppel.

#### A. Petitioner's detention violates the INA.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with the majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13

---

[1] The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

(S.D.N.Y.) (collecting 362 district court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). Petitioner has resided in the United States for 24 years, and DHS initiated standard removal proceedings against him under § 1229a. Doc. 1 at 6–7. Until the agency completes that process, there has been no final determination "whether [Petitioner] is to be removed," and detention remains governed by § 1226(a). *See Jennings*, 583 U.S. at 303.

Moreover, this Court's prior decisions support the same conclusion. The Government concedes that the material facts here are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), in which the Court concluded that § 1226 governs. Doc. 7 at 2. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.). Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

### B.    *Petitioner's detention violates the Due Process Clause.*

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all

persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Because § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.). His continued detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.*

     **C.**     ***The proper remedy is release.***

The Court next considers the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given Petitioner's prolonged detention without a bond hearing, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

     **D.**     ***The Texas court's decision does not alter this Court's analysis.***

This Court's analysis is not affected by the Texas court's prior denial of habeas relief. *See* Doc. 1-4. The Texas decision is not binding in this jurisdiction, and the Government does not argue that the decision has preclusive effect under the doctrine of collateral estoppel. Therefore, any collateral-estoppel argument has been waived. *See Harbeson v. Parke Davis*, 746 F.2d 517, 525 (9th Cir. 1984) ("The government's failure to raise the collateral estoppel argument...has resulted in its waiver of that affirmative defense."); *Gilbert v. Ferry*, 413 F.3d

578, 579 (6th Cir. 2005) ("[C]ollateral estoppel is an affirmative defense which is ordinarily deemed waived if not raised in the pleadings."); *Iseley v. Beard*, 200 Fed. Appx 137, 142 n.5 (3d Cir. 2006) ("The failure to plead or raise in a timely manner matters calling for the application of the doctrines of...collateral estoppel generally is regarded as a waiver.") (citation omitted).  The Court therefore reaches its own independent conclusion and grants Petitioner relief.

## IV.    *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Unless an immigration judge issues a final order of removal, the Government is enjoined from redetaining Petitioner absent a predetention hearing at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. Because Petitioner has withdrawn his request for attorney's fees, *see* Doc. 8 at 1, the Court denies that request as moot.

4. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.